**Hashibo Dewitt LACY, Petitioner–Appellant,**

v.

**Mark NOOTH, Respondent–Appellee.**

No. 10–36031.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 2011.

Filed July 1, 2011.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Anthony Bornstein, FPDOR—Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Kathleen Cegla, Assistant Attorney General, AGOR—Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: FISHER, GOULD, and PAEZ, Circuit Judges.

### MEMORANDUM *

Petitioner Hashibo Lacy appeals from the district court's judgment denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Lacy claims that the Oregon courts unreasonably applied *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), contending that his conviction was not supported by sufficient evidence. But Lacy has not shown that "the state court's ruling on [his] claim ... was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter,* — U.S. ——, 131 S.Ct. 770, 786–87, 178 L.Ed.2d 624 (2011). There is at least "a reasonable argument," *id.* at 788, that Lacy's conviction satisfies the *Jackson* standard. The Oregon courts reasonably could have determined that there was sufficient evidence that Lacy "use[d] or threaten[ed] the immediate use of physical force" against Killam with the requisite intent. Or.Rev.Stat. § 164.395.

Because Lacy's habeas petition does not raise a colorable federal claim, we need not reach the question of whether Lacy exhausted his state remedies. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *Cassett v. Stewart,* 406 F.3d 614, 624 (9th Cir.2005) (holding that a federal court may deny an unexhausted habeas petition on the merits "when it is perfectly clear that the applicant does not raise even a colorable federal claim").

### AFFIRMED.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.